UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUMITOMO CORPORATION OF AMERICA AND VIGILANT INSURANCE COMPANY | CIVIL ACTION NO. 07-4900 |
| VS. | SECTION "C" |
| M/V SEA SWIFT, her engines, tackle, apparel, furniture, etc., in rem, and BEIJING COSBULK SHIPPING CO., LTD, CHINA OCEAN SHIPPING COMPANY AND EMPIRE STEVEDORING (LA), INC., in personam | MAGISTRATE (2) |

## SUPPLEMENTAL AND AMENDING COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Supplemental and Amending Complaint of SUMITOMO CORPORATION OF

AMERICA and VIGILANT INSURANCE COMPANY against the M/V SEA SWIFT, her engines,

tackle, apparel, furniture, etc., in rem, and BEIJING COSBULK SHIPPING CO., LTD, CHINA

OCEAN SHIPPING COMPANY AND EMPIRE STEVEDORING (LA), INC., in personam, and

adding the owner of the M/V SEA SWIFT, SEA SWIFT MARITIME, INC. as a defendant in a cause

-1-

of cargo damage, civil and maritime, stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, with respect represents:

1.

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, and 28 U.S.C. § 1337.

## FOR A FIRST CAUSE OF ACTION

2.

At all material times herein, plaintiff, SUMITOMO CORPORATION OF AMERICA was, and now is, a corporation, organized and existing under the laws of a state other than the State of Louisiana with its principal office and place of business in CHICAGO, IL, and was, at all material times, the receiver of certain cargos delivered to the defendants to be carried aboard the M/V SEA SWIFT, and was the named assured on a cargo policy issued by Vigilant Insurance Company.

3.

At all material times herein, plaintiff, VIGILANT INSURANCE COMPANY, was, and now is, an insurance company, organized and existing under the laws of a state other than the State of Louisiana with its principal place of business in New York, NY, and was the issuer of a certain marine cargo policy, which, inter alia, insured the cargo at issue in this litigation against loss or damage.

4.

At all material times herein, the M/V SEA SWIFT, was, and now is, a merchant vessel engaged in the common carriage of goods by water for hire and, is now, or will be during the pendency of process herein, within the jurisdiction of this Honorable Court.

5.

At all material times, defendant, BEIJING COSBULK SHIPPING CO., LTD, was, and is now a corporation organized and existing under the laws of a foreign nation, and was, at all material times, the owner, operator, charterer, and/or manager of the M/V SEA SWIFT and other vessels, and engaged as a common carrier of goods by water for hire, between the ports, among others of Tianjin Xingang, Peoples Republic of China and New Orleans, Louisiana.

6.

At all material times, defendant, CHINA OCEAN SHIPPING COMPANY was, and is now a corporation organized and existing under the laws of a nation other than the United States of America, and was, at all material times, the owner, operator, charterer, and/or manager of the M/V SEA SWIFT and other vessels, and engaged as a common carrier of goods by water for hire, between the ports, among others of Tianjin Xingang, Peoples Republic of China and New Orleans, Louisiana.

6A.

Adding Article 6A:

At all material times, defendant, SEA SWIFT MARITIME, INC. was, and is now a corporation organized and existing under the laws of a nation other than the United States of America, and was, at all material times, the owner, operator, charterer, and/or manager of the M/V

SEA SWIFT and other vessels, and engaged as a common carrier of goods by water for hire, between the ports, among others of Tianjin Xingang, Peoples Republic of China and New Orleans, Louisiana.

7.

At all material times, defendant, EMPIRE STEVEDORING (LA), INC. was, and is now a corporation organized and existing under the laws of Louisiana, and was, at all material times, the discharging stevedore of M/V SEA SWIFT and other vessels, in the port of New Orleans, Louisiana.

8.

Amending Article 8 to read as follows:

On or about July 12, 2006, there was delivered to the care, custody and control of the defendants BEIJING COSBULK SHIPPING CO., LTD, CHINA OCEAN SHIPPING COMPANY, SEA SWIFT MARITIME, INC. and the M/V SEA SWIFT, at the Port of Tianjin Xingang, Peoples Republic, 96 coils of prime hot-dipped galvanized steel sheet in coils covered by Bill of Lading No. CCBCHTXG60707084 and others, all in good order and condition, for which the aforementioned clean bill of lading was issued showing the cargo was shipped on board said vessel. This cargo was loaded aboard the M/V SEA SWIFT and carried by these carrier defendants to the Port of New Orleans, Louisiana, all in consideration of certain freight charges thereupon paid or agreed to be paid.

9.

Thereafter, the M/V SEA SWIFT arrived in the Port of New Orleans, Louisiana where it was discovered that said cargos were improperly loaded and secured and as a result thereof was damaged, all in violation of the obligations of the M/V SEA SWIFT and the defendants as common carriers

of goods by water for hire, under the Carriage of Goods by Sea Act, 46 U.S.C. § 1300-1315, and/or the Harter Act, 46 U.S.C. § 190-196, and/or the General Maritime Law.

10.

EMPIRE STEVEDORING (LA), INC discharged said cargo into barges direct from the M/V SEA SWIFT in the Port of New Orleans causing further damage to the cargo in violation of defendants' warranty of workmanlike performance, causing further damage to said cargo during the discharge

11.

As a result of the damaged cargo, Vigilant Insurance Company has paid its insured an amount as claimed so far by SUMITOMO CORPORATION OF AMERICA under the aforementioned cargo insurance and has become subrogated to SUMITOMO CORPORATION OF AMERICA's rights against the defendants herein to that extent.

12.

As a result of the damage to the cargo, plaintiffs have a maritime lien against the M/V SEA SWIFT in the amount of the loses, plus survey fees and expenses, pre-judgment interest, and attorney's fees and costs.

**FOR A SECOND CAUSE OF ACTION**

13.

Plaintiffs reaffirm and reallege paragraphs 1-12 of the First Cause of Action.

14.

Defendants were acting as bailees for the cargo shipment at the time is was loaded aboard the M/V SEA SWIFT and became damaged; therefore, defendants had a duty to safely keep, care for, and deliver the shipment of cargo in the same condition as when entrusted to them, and to perform their services as bailees with reasonable care and in a non negligent and workmanlike manner. Defendants breached their bailment obligations negligently and failed to deliver the shipment to its ultimate destination in the same quantity and condition as when entrusted to them.

## AS TO ALL CAUSES OF ACTION

15.

At all material times herein, SUMITOMO CORPORATION OF AMERICA was the owner of said cargo and VIGILANT INSURANCE COMPANY was the insurer of said cargo, and together they bring this claim on their own behalf and on behalf of all parties who may be or may become interested in said cargoes as their respective interests may ultimately appear.

16.

By reason of the premises, plaintiffs sustained losses, plus survey fees and expenses, prejudgment interest, attorneys fees and costs, as nearly as the same can now be estimated, no part of which has been paid by defendants, although duly demanded.

17.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiffs pray that:

1. Process in due form of law issue against all defendants, BEIJING COSBULK SHIPPING CO., LTD, CHINA OCEAN SHIPPING COMPANY, SEA SWIFT MARITIME, INC. AND EMPIRE STEVEDORING (LA), INC., citing each to appear and answer this complaint;

2. Process in due form of law issue against the M/V SEA SWIFT and that all persons claiming any rights of possession or any ownership interests therein be cited to appear and file a verified statement of claim, right or interest in the vessel and answer this Complaint;

3. The Court Order, Adjudge, and Decree that the defendants and the M/V SEA SWIFT, pay to plaintiffs the damages suffered by them, including survey fees and expenses, prejudgment interest, attorneys fees and costs;

4. The M/V SEA SWIFT be condemned and sold to pay the amount due plaintiffs, including survey fees and expenses, prejudgment interest, attorneys fees and costs; and

5.    Plaintiffs have such other and additional relief as equity, justice, and the law allows

or permits in the premises.

Respectfully submitted:

PREIS & ROY
(A Professional Law Corporation)


_____s/Francis A. Courtenay, Jr._____
FRANCIS A. COURTENAY, JR. T.A. (B.R. # 4443)
C.J. HEBERT (B.R. #06724)
601 Poydras Street, Suite 1700
New Orleans, LA  70130
Telephone:    (504) 581-6062
Facsimile:    (504) 522-9129

***ATTORNEYS FOR PLAINTIFFS, SUMITOMO CORPORATION OF AMERICA AND VIGILANT INSURANCE COMPANY***

**PLEASE WITHHOLD IN REM SERVICE UNTIL FURTHER NOTICE.**

**PLEASE SERVE:**

BEIJING COSBULK SHIPPING CO., LTD
Through its Agent for Service of Process;
Sea Mar Management, Inc.
100 Lighting Way
Secaucus, NJ   07094

CHINA OCEAN SHIPPING COMPANY
Through its Agent for Service of Process;
588 Harbor Scenic Way, 3rd Floor
Long Beach, CA   90802

EMPIRE STEVEDORING (LA), INC.
Through its Agent for Service of Process;
Bruce A. Wilson, Jr.
3027 Tchoupitoulas Street
New Orleans, LA   70115

SEA SWIFT MARITIME, INC.

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BEFORE ME**, the undersigned, personally came and appeared:

        **FRANCIS A. COURTENAY, JR.**

who after being duly sworn, did depose and say that:

    He is an attorney with the law firm of Preis & Roy; that he prepared the above and foregoing

Complaint; and that all of the allegations of fact therein contained are true and correct to the best of

his knowledge, information and belief; that the sources of deponent's knowledge and the grounds

of his belief are communications received from plaintiffs and their agents, and from documents in

the possession of attorneys for plaintiffs.

                                _____

                                FRANCIS A. COURTENAY, JR.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 31 DAY
OF AUGUST, 2007.

_____
      NOTARY PUBLIC